## WARD v. FRITZ.

(Supreme Court, Appellate Term.   May 18, 1911.)

BROKERS (§ 82*)—ACTION FOR COMPENSATION—PLEADING.

In an action to recover broker's commissions, plaintiff alleged that he was employed to find a purchaser for the lease, furniture, and good will of a hotel for the sum of $16,000, for a commission of 5 per cent. on the gross amount of the sale, and that plaintiff introduced to defendant as a prospective purchaser a party who, in consequence of such introduction to defendant, purchased said property for the sum of $13,500. *Held*, that the allegations failed to plead facts showing performance of the contract of employment, and stated no cause of action.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 82.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Matt J. Ward against Minnie E. Fritz. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Cushing & Cushing, for appellant.

Albert I. Sire, for respondent.

SEABURY, J. This action was brought to recover brokerage commissions. The material allegations of the complaint are as follows:

"(2) That on or about the 19th day of August, 1909, the defendant employed the plaintiff to find a purchaser for the lease, furniture, and good will of the Hotel Portland, situated at Nos. 132–134 West Thirty-Seventh street, borough of Manhattan, New York City, for $16,000, and defendant agreed, in case the plaintiff found such customer, that she would pay the plaintiff a commission of 5 per cent. upon the gross amount of the sale.

"(3) That soon after the date of such employment plaintiff, in pursuance thereof, introduced to the defendant Mrs. E. Lanz as a prospective purchaser of said hotel property, and that heretofore, in consequence of said introduction of said customer to the defendant by this plaintiff, the defendant agreed to sell and has sold said property to Mrs. E. Lanz for the sum of $13,500."

It is clear, from a review of the two preceding paragraphs of the complaint, that the pleader has failed to plead facts showing performance of the contract of employment alleged. The complaint should therefore have been dismissed.

Judgment reversed, and complaint dismissed, with costs and without prejudice. All concur.